[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Tiber Holding Corporation, filed a civil suit in Pennsylvania against the defendant, Andrew DiLoreto, on or about September 28, 1990. The plaintiff obtained a judgment in the amount of $53,846.58 and filed the judgment in Connecticut on August 24, 1998. The Pennsylvania judgment was domesticated by court order on September 28, 1998. On March 29, 1999, the court ordered nominal weekly payments of $25.
On April 4, 2000, the plaintiff filed a motion for modification of the order of nominal payments, which the court granted on May 31, 2000, thereby increasing defendant's weekly payments to $577.[1] The plaintiff then applied for a wage execution and it was issued by the court on December 29, 2000. Subsequently, the defendant filed a claim of exemption on January 29, 2001. The defendant claims that he does not have any Connecticut wages and that his wages are exempt from execution under a Pennsylvania statute.
Thereafter, both the plaintiff and defendant filed various memoranda of law in support of and in opposition to the wage execution. The plaintiff argues that the defendant's wages are not exempt from execution because the defendant lives and works in Connecticut. (Plaintiff's Memorandum #126, p. 8.) The defendant argues that the defendant's employer is a Pennsylvania employer and, therefore, the defendant is a Pennsylvania employee entitled to an exemption under Pennsylvania law. (Defendant's Memorandum #131, p. 4.)
The defendant has stated that certain facts are undisputed. The defendant states in his memorandum that it is undisputed that defendant's employer is a partnership doing business in Pennsylvania with an office in Westport, Connecticut. (Defendant's Memorandum #131, p. 3.) The defendant also states that it is undisputed that the defendant's salary is drawn against funds on deposit in Pennsylvania. (Defendant's CT Page 16579 Memorandum #131, p. 3.) The defendant is a resident of Connecticut. (Defendant's Memorandum #127.10, p. 1.)
General Statutes § 52-361b (d) provides in pertinent part that "a judgment debtor may claim an exemption as to property or earnings sought to be levied on. . . ." General Statutes § 52-352b provides a list of property which is exempt.[2] The Superior Court has held that a debtor's claimed exemption should be denied where the debtor "has not claimed any . . . grounds upon which to base an exemption." American Express TravelRelated Services, Co., Inc. v. Teal, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 138031 (December 15, 1994,D'Andrea, J.).
In the present case, the defendant claims his wages are exempt under42 Pa.C.S.A. § 8127 because he "ha[s] no Connecticut wages." The Pennsylvania statute provides in pertinent part that "[t]he wages, salaries and commissions of individuals shall while in the hands of the employer be exempt from any attachment, execution or other process. . . ." 42 Pa.C.S.A. § 8127(a).
Under Pennsylvania law, "it is unlawful for creditors doing business in Pennsylvania to garnish or attach wages of Pennsylvania employees by obtaining judgments in foreign jurisdictions." 1975 Op.Atty.Gen. No. 75-32.[3] The Attorney General's Opinion cites a statute, which has since been repealed, to support that rule. Section 8128(a) of Chapter 42, enacted in 1982, however, contains language similar to the repealed statute and provides in pertinent part that "[i]t shall be unlawful for any creditor or obligee to commence an action on or to transfer any claim against a resident of this Commonwealth for the purpose of having such claim collected by proceedings in a forum which accords such resident less favorable exemptions from attachment or execution than are accorded by this Commonwealth, or for the purpose of depriving such resident of the right to have his personal earnings while in the hands of his employer exempt from application to the payment of his debts."[4]
(Emphasis added.)
There is no relevant Connecticut case law dealing with the Pennsylvania exemption. The New York Supreme Court, however, has addressed this issue. In People's National Bank v. Hitchcock, 104 Misc.2d 647,428 N.Y.S.2d 850 (1980), the New York Supreme Court stated that "[t]he general rule is that questions of garnishment and attachment are decided by the law of the forum . . . Therefore, the Pennsylvania law forbidding garnishment of wages has no effect in New York, although the wages attached were earned in Pennsylvania. . . ." (Citation omitted.) Id., 852. This court finds that following the holding of People's NationalBank, even if defendant's wages are found to be Pennsylvania wages, the CT Page 16580 Pennsylvania exemption has no effect in Connecticut because the garnishment laws of Connecticut apply.
Similarly, the United States District Court has held that "Pennsylvania will not exempt from attachment wages earned by and due a citizen ofPennsylvania, even though all the work was performed in Pennsylvania, where the attachments are valid under the law of . . . [another] state." (Emphasis added.) Massachusetts Mutual Life Ins. Co. v. Central-PennNational Bank of Philadelphia, 300 F. Sup. 1217, 1220 (E.D. Penn. 1969).
Unlike the defendants in People's National Bank and MassachusettsMutual Life Ins. Co., who were residents of Pennsylvania and were not allowed to claim the exemption, the defendant in the present case is not
even a citizen of Pennsylvania and, therefore, should not be allowed to claim an exemption under the Pennsylvania statute. Furthermore, this court holds that even if the defendant's wages are considered to have been earned in Pennsylvania, he cannot claim the exemption under the Pennsylvania statute because the attachment and garnishment laws of Connecticut apply.
Like the debtor in American Express whose claim for exemption was denied for failure to claim any grounds, this court holds that the defendant in the instant case has not claimed any valid grounds for exemption.
Accordingly, the defendant's claim for exemption from wage execution is denied because he has failed to state any grounds for the claim. The only ground claimed is an exemption based upon a Pennsylvania statute which does not apply. Applying the law of this forum, the court denies the defendant's claim for exemp on from wage execution.
KARAZIN, J.